Merrimack
No. 98-622

## ICS COMMUNICATIONS, INC.

v.

## RICHARD FITCH

November 28, 2000

*Gallagher, Callahan & Gartrell Professional Association,* of Concord (*Michael R. Callahan* and *Michael D. Ramsdell* on the brief, and *Mr. Callahan* orally), for ICS Communications, Inc.

*Douglas, Robinson, Leonard & Garvey, P.C.,* of Concord (*C. Kevin Leonard* on the brief, and *Charles G. Douglas, III* orally), for Richard Fitch.

*Philip T. McLaughlin,* attorney general (*Wynn E. Arnold,* assistant attorney general), for the State, joined in the brief of Richard Fitch.

MEMORANDUM OPINION

MOHL, J., superior court justice, specially assigned under RSA 490:3. This is an interlocutory transfer without ruling from the Superior Court (*McGuire*, J.) pursuant to Supreme Court Rule 9. The question presented is whether Part I, Article 20 of the New Hampshire Constitution provides a right to a jury trial for a wage claim made to the New Hampshire Department of Labor (DOL) where the amount in controversy exceeds $1,500.

Richard Fitch brought a statutory wage claim seeking $5,165 against his former employer, ICS Communications, Inc. (ICS), for commissions due. Fitch filed the wage claim with the DOL pursuant to RSA chapter 275. Prior to the DOL hearing, ICS moved to dismiss, arguing that it was entitled to a jury trial under the New Hampshire Constitution. The DOL denied the motion, and the court was informed at oral argument that the DOL awarded $900 to Fitch. ICS appealed to the superior court, again claiming the right to a jury trial. Fitch did not appeal the DOL's decision. The superior court denied ICS's appeal. ICS then moved for reconsideration based on language in *Galloway v. Chicago-Soft, Ltd.*, 142 N.H. 752, 713 A.2d 982 (1998), which we decided after the superior court's decision. The superior court approved an interlocutory transfer of the issue to this court.

The New Hampshire Constitution preserves the right to a jury trial in civil actions:

> In all controversies concerning property, and in all suits between 2 or more persons except those in which another practice is and has been customary and except those in which the value in controversy does not exceed $1,500 and no title to real estate is involved, the parties have a right to a trial by jury. This method of procedure shall be held sacred unless, in cases arising on the high seas and in cases relating to mariners' wages, the legislature shall think it necessary to alter it.

N.H. CONST. pt. I, art. 20.

Even if we assume, without deciding, that ICS is entitled under Part I, Article 20 to a jury trial on a wage claim which exceeds $1,500, nothing in the New Hampshire Constitution would prohibit the legislature from providing or requiring that such claims first be adjudicated by an administrative agency. *Opinion of the Justices*, 113 N.H. 205, 214, 304 A.2d 881, 887 (1973) ("[J]ury trial need not be had in the first instance if a reasonably unfettered right of appeal is

allowed to a court where the constitutional right of trial by jury can be enjoyed."). Thus, the statutory mechanism providing that RSA chapter 275 wage claims may be brought first to the DOL would not violate Part I, Article 20.

Because the amount in controversy at this stage of the proceedings does not meet the threshold requirement for a jury trial under the New Hampshire Constitution, and as Fitch has not taken an appeal of the DOL wage claim award, it is unnecessary to decide the transferred question. *See Olson v. Town of Fitzwilliam*, 142 N.H. 339, 702 A.2d 318 (1997) (long-standing policy of court not to decide constitutional questions unless it is necessary to do so). The matter is remanded to the superior court for entry of an order denying ICS's motion for reconsideration.

*Remanded.*

NADEAU, J., concurred; GROFF and MANGONES, JJ., superior court justices, specially assigned under RSA 490:3, concurred.