Hillsborough-southern judicial district
No. 2004-315

SNCR CORPORATION d/b/a SUNCOR CORPORATION

v.

STEVEN L. GREENE

Argued: January 19, 2005
Opinion Issued: May 20, 2005

*Cleveland, Waters and Bass, P.A.*, of Concord (*David W. Rayment* and *Mark S. Derby* on the brief, and *Mr. Rayment* orally), for the plaintiff.

*James M. McNamee*, of Nashua, by brief and orally, for the defendant.

*Kelly A. Ayotte*, attorney general (*Wynn E. Arnold*, senior assistant attorney general, on the brief), for the State, as *amicus curiae*.

NADEAU, J. The petitioner, SNCR Corporation d/b/a Suncor Corporation (Suncor), appeals an order of the Superior Court (*Hampsey, J.*) affirming a wage claim decision by the New Hampshire Department of Labor (DOL). We affirm.

The respondent, Steven Greene, brought a wage claim against his former employer, Suncor. After a hearing, the DOL awarded the respondent the compensation set forth in the employment letter. At no time during the DOL hearing did Suncor argue that it was entitled to a jury trial. Suncor appealed and the superior court affirmed the hearing officer's decision. This appeal followed.

On appeal, Suncor argues that: (1) the provisions of RSA chapter 275 and the regulations promulgated pursuant thereto deprived it of its constitutional right to a jury trial; and (2) its failure to request a jury trial at the administrative hearing level did not waive its right to raise that constitutional issue in the superior court.

Part 1, Article 20 of the State Constitution provides:

> In all controversies concerning property, and in all suits between 2 or more persons except those in which another practice is and has been customary and except those in which the value in controversy does not exceed $1,500 and no title to real estate is involved, the parties have a right to a trial by jury. This method of procedure shall be held sacred unless, in cases arising on the high seas and in cases relating to mariners' wages, the legislature shall think it necessary to alter it.

■ This constitutional provision extends the right to trial by jury to all cases for which the right existed when the constitution was adopted in 1784, but not to special statutory or summary proceedings unknown to the common law. *Opinion of the Justices (SLAPP Suit Procedure)*, 138 N.H. 445, 450 (1994).

■ We need not address Suncor's claim that it was entitled to a jury trial because the record reveals that it failed to properly preserve the issue. At no time in the administrative hearing did Suncor assert the claim that it was entitled to a jury trial and seek appropriate relief. "[I]ssues must be raised at the earliest possible time, because trial forums should have a full opportunity to come to sound conclusions and to correct claimed errors in the first instance." *Appeal of Bosselait*, 130 N.H. 604, 607 (1988), *cert. denied*, 488 U.S. 1011 (1989) (quotations and brackets omitted). In addition, "conduct or acquiescence inconsistent with an intention to insist on a jury trial may constitute a waiver thereof." *Elkins v. Showcase, Inc.*, 704 P.2d 977, 985 (Kan. 1985). In this case, the preservation requirement

ensures that an employer will not be able to delay resolution of the claim, increase the employee's cost of pursuing it, or gain an advantage by trying the case before the DOL and, if unsatisfied with the result, asserting the right to a jury trial for the first time in superior court. We will not review on appeal constitutional issues not presented below. *Hansel v. City of Keene*, 138 N.H. 99, 105 (1993).

In *ICS Communications v. Fitch*, 145 N.H. 433 (2000), prior to the DOL hearing, the petitioner moved to dismiss, claiming that it was entitled to a jury trial under the New Hampshire Constitution. *See ICS Communications*, 145 N.H. at 434. After the hearing, the petitioner appealed to the superior court, claiming again the right to a jury trial. In this case, however, the petitioner failed to file a motion to dismiss the wage claim based upon a constitutional right to a jury trial. Regardless of whether the petitioner argued at the hearing that this was a contract claim, Suncor never asserted its right to a jury trial. In addition, Suncor never asserted the right in any of the pleadings or documents submitted to the DOL. Thus, because the jury trial issue was not preserved for appeal, we decline to review it.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.