Department of Employment Security
No. 2004-876

APPEAL OF RONALD PELLETERI *& a.*
(New Hampshire Department of Employment Security)

Argued: September 29, 2005
Opinion Issued: December 9, 2005

*Devine, Millimet & Branch, P.A.*, of Manchester (*Mark T. Broth* and *Jennifer M.N. Koon*, on the brief, and *Mr. Broth* orally), for the petitioners.

*Kelly A. Ayotte*, attorney general (*Karen A. Schlitzer*, assistant attorney general, on the brief and orally), and *Charles H. Bradley, III*, of Concord, on the brief, for the State.

GALWAY, J. The petitioners, Ronald Pelleteri and other similarly situated employees of the employer, Pike Industries (Pike), appeal the denial of unemployment benefits for a period of time equal to the number of weeks of longevity pay each petitioner received from Pike. We affirm.

The certified record supports the following facts. Pike is engaged in the manufacture, sale, and transportation of road paving materials and the construction and paving of roads and highways. The majority of Pike's employees are employed on a seasonal basis. In September 2002, Pike initiated a longevity pay program for its seasonal employees. On or about

November 1, 2002, longevity pay was distributed to eligible employees. In most cases, this distribution preceded the date of the employee's seasonal layoff. After the seasonal layoff occurred, each of the petitioners applied for unemployment benefits.

The department of employment security (DES) certifying officer denied petitioner Pelleteri's unemployment benefits from December 15, 2002, to January 4, 2003, concluding that the longevity pay constituted wages pursuant to RSA 282-A:15, I, and applying those wages to the period immediately following the seasonal layoff pursuant to RSA 282-A:14, III(a). The other petitioners were denied unemployment benefits on the same basis. The petitioners appealed to the appeal tribunal, where the appeals were consolidated.

In their appeal, the petitioners argued that DES' determination, applying the longevity pay to the period immediately following each petitioner's layoff, was arbitrary and unreasonable. They asserted: (1) the longevity pay was a bonus that was received in November but was earned in the prior calendar year, and, therefore, there was "no [reasonable] relationship between the weeks in which the bonus was earned or paid and the weeks it was applied to by the DES"; and (2) DES' determination was contrary to internal DES guidelines governing bonuses.

The appeal tribunal affirmed DES' determination, concluding that the petitioners received wages in the form of a longevity pay bonus. The petitioners requested the commissioner to reopen the appeal tribunal determination. Characterizing the longevity pay as a bonus, they challenged the appeal tribunal's findings of fact and argued that the appeal tribunal erred in ruling that the payment of the longevity bonus "anticipated" their seasonal layoff.

The commissioner reopened the appeal tribunal's decision on a limited basis, concluding that the appeal tribunal may have mistakenly used the word "bonus" to describe the longevity pay program, and allowing the appeal tribunal either to amend its decision and substitute the word "wages" for "bonus," or to make further rulings if the tribunal intended to rule that longevity pay actually constitutes a "bonus." The appeal tribunal's subsequent amended decision concluded that longevity pay constituted wages rather than a bonus. The petitioners requested reopening of the amended decision, which the commissioner denied.

The petitioners appealed the appeal tribunal's amended decision to the appellate board. Among other things, the petitioners argued for the first time that RSA 282-A:14, III is unconstitutionally vague in that it contains no guidance or standards regarding its application.

Prior to the appellate board hearing, Pike distributed the 2003 longevity pay to its seasonal employees on September 15, 2003. Contrary to its

application of the 2002 longevity pay, DES did not apply the 2003 longevity pay to the weeks immediately following Pike's seasonal employees' layoffs.

The appellate board sustained the appeal tribunal's determination, but noted concerns regarding: (1) "the vagueness of RSA 282-A:14 III and the statute's failure to provide any criteria relative to the meaning of reasonableness"; and (2) "the disparate treatment of the Appellant in the application of RSA 282-A:14 III between the receipt of longevity pay for 2002 and 2003 and the opposite outcomes relative to eligibility for benefits in each of those respective years." The appellate board concluded: "This treatment, along with the concerns for vagueness ... would most certainly result in the Board's reversal of the Appeals Tribunal's decision but for the limitations of RSA 282-A:65." The petitioners then filed a motion for reconsideration, which the appellate board denied.

The petitioners now appeal the appellate board's final orders denying their 2002 unemployment benefits for a period commensurate with the number of weeks of longevity pay received from Pike. They argue: (1) RSA 282-A:14, III violates the Due Process Clause of both the Federal and State Constitutions; (2) RSA 282-A:14, III violates the Equal Protection Clause of both the Federal and State Constitutions; and (3) RSA 282-A:65 expressly grants the appellate board authority to determine the constitutionality of RSA 282-A:14, III.

DES counters that: (1) RSA 282-A:67 limits our review to determinations of the appeal tribunal and not the appellate board, except insofar as the appellate board may have clarified or limited the record; and (2) the petitioners waived their claims regarding the unconstitutionality of RSA 282-A:14, III, because they failed to raise these issues before the appeal tribunal.

When considering an appeal of an administrative DES decision, "our jurisdiction is limited to reviewing the record of the appeal tribunal for errors of law, except insofar as that record may have been clarified or the issues limited in the course of subsequent proceedings before the appellate [board]." *Appeal of Bosselait*, 130 N.H. 604, 606 (1988) (citations omitted); *see* RSA 282-A:67, V (1999). On appeal, we consider only issues that have been both timely raised below and preserved for our review. *Bosselait*, 130 N.H. at 606. Thus, we first consider whether the petitioners' claims regarding the constitutionality of RSA 282-A:14, III (Supp. 2005) were preserved for our review.

The appellate board "provides an intermediate administrative appeal, in which issues previously raised may be waived or narrowed; it does not provide an opportunity to raise new issues for the first time." *Id.* at 607-08. Issues must be raised at the earliest possible time in order to grant trial forums a full opportunity "to come to sound conclusions and to correct

claimed errors in the first instance." *Bosselait*, 130 N.H. at 607 (quotations omitted). "[U]nless a claim is raised in the trial forum, there is no opportunity for a party to develop a factual record supporting his theory of relief, or to make an offer of proof sufficient to justify a demand to introduce relevant evidence and preserve an issue for appeal." *Id.*

*Bosselait* is squarely on point. In *Bosselait*, two part-time employees appealed an appeal tribunal's denial of unemployment compensation, asserting that a portion of a statute, which the appeal tribunal relied upon, violated the State equal protection standard and conflicted with the federal Rehabilitation Act. *Id.* at 605, 606. However, the employees failed to raise these claims before the appeal tribunal; instead, they first raised them in their request to reopen the appeal tribunal's decision, and again in their appeal of the appeal tribunal's decision to the appellate board. *Id.* at 605-06. In concluding that the employees' claims were not timely raised, we recognized that merely listing the equal protection questions in their appeal to the appellate board was insufficient to preserve them for consideration on appeal to this court. *Id.* at 607. We also noted that one employee's remark to the appeal tribunal that the relevant statutory provision "was discriminatory against the aged" was "not sufficient to put anyone on notice that [the employee] thereby meant to raise a constitutional issue." *Bosselait*, 130 N.H. at 607.

█ Similar to *Bosselait*, the petitioners in this case failed to raise their constitutional claims until *after* the appeal tribunal had reached a final determination. In their appeal to the appeal tribunal, and to support their general assertion that the certifying officer's denial was arbitrary and unreasonable, the petitioners argued that: (1) there was no relationship between the weeks in which the longevity pay bonus was earned or paid and when it was applied; and (2) the certifying officer's determination was contrary to internal DES guidelines governing bonuses. The petitioners' arguments neither articulated nor implicated the constitutional claims they subsequently raised in their appeal to the appellate board. Consequently, the appeal tribunal was denied an opportunity to address those issues. Furthermore, the generalized assertions of unreasonableness that the petitioners did make before the appeal tribunal did not constitute sufficient notice that they were raising constitutional claims. Thus, we conclude the constitutional issues were not preserved for our review.

Our conclusion comports with our recent decision in *SNCR Corp. v. Greene*, 152 N.H. 223 (2005), a case involving the appeal of a New Hampshire Department of Labor (DOL) wage claim decision. In that case, the employer argued on appeal to the superior court that it had been deprived of its constitutional right to a jury trial during the DOL hearing

process. *SNCR Corp.*, 152 N.H. at 224-25. The superior court affirmed, and the employer appealed. *Id.* On appeal, we declined to address either the constitutionality of the underlying statutes and regulations or the alleged denial of its constitutional rights, concluding that the employer failed to preserve these claims for our review because it failed to raise them at the administrative hearing. *Id.* Similarly, the petitioners' failure to raise the constitutionality of RSA 282-A:14, III before the appeal tribunal deprived it of the opportunity to address any alleged constitutional violations.

█ The petitioners also argue that RSA 282-A:65, I, expressly grants the appellate board authority to make determinations regarding the constitutionality of RSA 282-A:14, III. Our jurisdiction, however, is limited to reviewing the record of the appeal tribunal for errors of law, except insofar as the appeal tribunal's record may have been clarified or the issues limited by the appellate board. *See* RSA 282-A:67, V(a) (1999); *Bosselait*, 130 N.H. at 606. In this instance, the appellate board neither clarified nor limited the appeal tribunal's record or determination. The appellate board's observations regarding potential issues surrounding the statutory language of RSA 282-A:14, III, are insufficient to bring this issue within our jurisdiction.

Accordingly, for the foregoing reasons, we affirm the appeal tribunal's determination, and decline to address the constitutionality of RSA 282-A:14, III.

*Affirmed.*

BRODERICK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.