**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0166, <u>Mary Feeney v. Karyn Kelley</u>, the court on January 16, 2018, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Karyn Kelley, appeals orders of the Superior Court (<u>Abramson</u>, J.) denying her motion for a new trial and post-trial motion to set off a claimed homestead exemption in connection with the partition of property that she owns jointly with the plaintiff, Mary Feeney. She argues that a new trial is warranted based upon allegedly fraudulent misrepresentations by the plaintiff's former attorney and an alleged "mutual mistake" regarding an order of default. She also argues that the superior court lacked jurisdiction over the matter.

We first address the defendant's motion for a new trial. "A new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable." RSA 526:1 (2007). "Whether accident, mistake, or misfortune occurred is determined by the trier of fact, and its finding will be conclusive unless it is unsupported by the evidence." <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006). We will not disturb the trial court's ruling absent an unsustainable exercise of discretion. <u>Id</u>.

We have recognized that "fraud will vitiate a judgment, and a court of equity may declare it a nullity." <u>Conant v. O'Meara</u>, 167 N.H. 644, 651 (2015) (brackets and quotation omitted). "However, we have required strong proof of falsity, such as a conviction of perjury on the defendant's confession, or later admission of false swearing, to support relief from a judgment." <u>Id</u>. at 653 (citations omitted). An action to set aside a judgment "is a most unusual remedy available only rarely." <u>Id</u>. (quotation omitted).

The defendant learned that, approximately one year after the trial in this case, the plaintiff's attorney resigned from the New Hampshire bar as a result of an investigation into allegations of misconduct in matters unrelated to this case. The defendant states that, upon learning of the attorney's alleged misconduct, she "began to question" the attorney's representations to the court in this case and alleges that, before and during trial, the attorney made

numerous fraudulent misrepresentations to the court. In particular, she argues that the attorney falsely claimed that she did not receive two documents from the defendant's attorney in discovery, which led the trial court to preclude their admission into evidence at trial. The defendant argues that the court would have reached a different result if it had considered these documents.

The trial court reviewed the two documents and concluded that any alleged misrepresentation relating to them had "no impact on the outcome of this case." The court found that one of the documents involved property in Manchester, not the Merrimack property at issue in this dispute. The court found that the other document, a letter from the plaintiff purporting to disclaim her interest in the Merrimack property, was admitted into evidence by agreement of the parties and that it was expressly considered by the court in its final order. In that order, the court found that the letter was prepared for estate planning purposes in the event of the parties' simultaneous death; thus, it did not become effective prior to the filing of the partition action.

We need not address separately each of the many other alleged misrepresentations alleged by the defendant in her brief. Even assuming that the statements were false, and that the attorney knew them to be false, the defendant failed to show that she could not have raised her issues when they arose at trial, see SNCR Corp. v. Greene, 152 N.H. 223, 224 (2005) (issues must be raised at the earliest possible time, to give trial court opportunity to reach sound conclusions and correct claimed errors in the first instance), that she obtained new evidence of their falsity after the trial, or that the alleged misrepresentations affected the trial court's decision, see Barton v. Plaisted, 109 N.H. 428, 432 (1969) (new trial will be granted only when it is found that a different result probably will be reached). As the trial court correctly noted, "The mere fact that [the plaintiff's attorney] is no longer a member of the New Hampshire bar due to circumstances entirely unrelated to this case cannot serve to establish the existence of fraud on the court here."

The defendant also asserts a right to a new trial on the basis of a "mutual mistake." She asserts that a "mutual mistake" was made because the trial court's October 20, 2014 final order requiring the sale of the property failed to account for its November 18, 2010 order of default, which ordered a different disposition of the property. The court found, however, that by order dated April 3, 2012, it had struck the earlier default order, leaving the disposition of the property to be determined at trial. The court also noted correctly that this issue does not present grounds for a new trial because if the defendant had believed that the court erred by failing to consider the default order in its final order, then she could have raised the issue in a motion for reconsideration or in her prior appeal to this court. See In the Matter of Birmingham, 154 N.H. at 57 (issues that could have been raised on appeal do

not present grounds for new trial).  Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in denying the defendant's motion for a new trial.  See id. at 56.

We next address the defendant's argument that the superior court lacked jurisdiction over the partition action.  She argues that the probate court had exclusive jurisdiction over the matter because neither party claimed a right to a jury trial.  The defendant misconstrues the statute.  RSA 547-C:2 (Supp. 2016) provides that a petition for partition may be filed either "in the superior or probate court in the county in which the property" is located.  The statute further provides that in any case where the right to a jury trial is guaranteed by the constitution and is claimed by any party, jurisdiction lies exclusively in the superior court.  The plaintiff filed her petition in the superior court for Hillsborough County, where the property is located.  In the absence of a jury trial claim, therefore, the superior court had concurrent jurisdiction with the probate division of the circuit court, see RSA 490-F:3 (Supp. 2016) (granting circuit court jurisdiction conferred upon former probate courts), and could properly decide this matter, see RSA 547-C:2.

We next address the defendant's argument that the trial court erred in denying her motion to set off her claimed homestead exemption from the sale of the property.  In its October 20, 2014 final order, the court ordered the property to be sold, with the proceeds of the sale being divided equally between the parties.  The defendant did not assert at trial that any sale should be subject to her claimed homestead exemption, which would cause an unequal division of the sale proceeds.  She raised this issue for the first time on appeal from that decision.  We concluded that the issue was not preserved for review. See Mary Feeney v. Karyn Kelley, No. 2015-0049, 2015 WL 11083332 (N.H. Oct. 9, 2015).

We require issues to be raised at the earliest possible time, to allow the trial court a full opportunity to reach sound conclusions in the first instance. See SNCR Corp. v. Greene, 152 N.H. at 224.  We conclude that the defendant's motion to set off her claimed homestead right, which she filed approximately two years after the trial court's October 20, 2014 final order, is untimely. However, even if we were to address the issue on its merits, we would conclude that the defendant cannot assert a homestead exemption against the plaintiff, who jointly owns the property and is entitled to an equal share of the proceeds from the sale.  See Deyeso v. Cavadi, 165 N.H. 76, 79-82 (2013) (noting that the purpose of the homestead exemption is to protect debtors from third-party creditors, not joint owners).

We have considered the defendant's remaining arguments, and have concluded that they were or could have been raised at trial, are untimely, and

do not warrant further discussion.  See <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**
