# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2017-0710, <u>In re Estate of Edward D. Maynard, Jr.</u>, the court on January 18, 2019, issued the following order:

The appellees' motion to vacate the order extending the time for filing a reply brief is denied.  We remind the appellant of the requirement to serve copies of all documents filed in this court on all other parties to the case or, if they are represented by counsel, on their counsel.  <u>See</u> <u>Sup. Ct. R</u>. 26(2).  Having considered the brief, memoranda of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The appellant, Tina Maynard, appeals an order of the probate division of the Circuit Court (<u>Weaver</u>, J.) ruling on the validity of deeds recorded after the grantor's death.  She argues that the trial court erred in:  (1) ruling that it had exclusive jurisdiction over the decedent's New Hampshire assets; (2) denying her motion to continue; and (3) "allowing" opposing counsel to notify the court of pending criminal charges against her.  She also argues that the trial judge was biased against her.

The appellant first argues that the probate division erred in ruling that it has "exclusive in rem jurisdiction over the disposition of a decedent's New Hampshire situs assets" because the decedent was not a resident of New Hampshire at the time of his death.  We recently observed that "jurisdiction in an <u>in</u> <u>rem</u> proceeding is ordinarily established in the state where the property is located." <u>Estate of Mullin</u>, 169 N.H. 632, 636 (2017).  However, we do not construe the probate division's orders to rule that its jurisdiction in this case was exclusive.  <u>See</u> <u>Edwards v. RAL Auto. Group</u>, 156 N.H. 700, 705 (2008) (interpretation of trial court order presents a question of law for this court).  Rather, the court noted that there was a dispute among the parties about the validity of two deeds recorded after the decedent's death, one purporting to convey a parcel of real estate to the appellant, and the other purporting to convey a different parcel to the appellant and her sister.  Although no probate matter had been filed in another state, the appellant asserted that the estate should be probated in Massachusetts because the decedent was a Massachusetts resident at the time of his death.  The court noted, however, that "the parties all agreed" that even if the estate should be probated in another state, the validity of the deeds "is a threshold issue to be determined in New Hampshire," and that "this issue should be resolved prior to moving forward with the other issues in this case."  The appellant did not argue that the probate division lacked jurisdiction to decide the validity of the purported

transfers, and the probate division did not rule that its jurisdiction was exclusive. We conclude that the probate division properly ruled that it had jurisdiction over this dispute, see RSA 547:11-c (2007) (granting probate court jurisdiction over quiet title actions regarding real or personal property in decedent's estate); see also RSA 490-F:3 (Supp. 2018) (granting circuit court jurisdiction conferred upon former probate courts), and that the appellant waived any objection to the court's exercise of personal jurisdiction by agreeing to proceed in this manner. See SNCR Corp. v. Greene, 152 N.H. 223, 224 (2005).

The appellant next argues that the trial court erred in denying her motion to continue the evidentiary hearing, which was held on October 5, 2017. The decision to grant or deny a motion for a continuance is within the trial court's sound discretion. In the Matter of Kempton & Kempton, 167 N.H. 785, 793 (2015). "We will not overturn that decision unless it constitutes an unsustainable exercise of discretion, and the party seeking the continuance demonstrates that the decision is clearly unreasonable to the prejudice of her case." Id. (citation, quotation, and brackets omitted).

The record shows that on September 21, 2017, two weeks prior to the hearing, the appellant requested a continuance, stating that two days earlier she had met with an attorney who she thought would represent her at the hearing, but who informed her that he was unavailable. The appellant asserted that the following day, she contacted another attorney, who also was unavailable. She further asserted that on the day she filed the motion, she contacted a third attorney, who also was unavailable "on such short notice." The appellant stated that she had a number of medical issues, including depression and anxiety, and that although she had represented herself at previous hearings in this case, she felt that, in light of her medical condition, she now "need[ed] an attorney who is affordable." The appellant also alleged that one of her witnesses was unavailable.

Although the appellant alleged in her motion that she advised the court at a July 20, 2017 hearing that she intended to retain counsel for the evidentiary hearing, she did not explain why she did not act promptly to secure representation after the July hearing, except to state that she "was in Maine during the summer and did not receive [the] court notice." Nor did the appellant describe the efforts she had made to secure the attendance of her witness. See Prob. Div. R. 46 (requiring a statement of steps taken to procure attendance of witness so court may determine whether party exercised due diligence). Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in denying the motion to continue. See In the Matter of Kempton, 167 N.H. at 793.

The appellant next argues that the trial court erred by "allowing" opposing counsel to notify the court that the appellant had been charged with

2

crimes related to this case in federal court in Massachusetts.  The record shows that opposing counsel provided this information to the court in an objection to a motion to continue a structuring conference, noting that the appellant was scheduled to appear for a conference in the criminal case the day after the structuring conference scheduled in this case.  The appellant does not dispute the accuracy of this information, and she attached to her reply brief a pleading filed by her attorney in the criminal case.  The record fails to show that the appellant moved to strike opposing counsel's statement or sought other relief from the court.  Accordingly, any objection she may have had to its introduction has not been preserved for our review.  See Milliken v. Dartmouth-Hitchcock Clinic, 154 N.H. 662, 665 (2006) (specific and contemporaneous objection is required to preserve issue for appellate review); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

The appellant next argues that the trial judge was biased against her, as shown by his reference to the charges in his structuring conference order and at the evidentiary hearing.  In the structuring conference order, the judge noted that he had notified the appellant that she had a right to assert her Fifth Amendment rights at the evidentiary hearing, that she should consult with counsel, and that any testimony she gave at the hearing could be used against her in the criminal case.  The judge repeated this information at the evidentiary hearing, before the appellant testified.  We conclude that no reasonable person would infer from the judge's references to the appellant's criminal charges that he was biased against her.  See State v. Bader, 148 N.H. 265, 271 (2002).

To the extent that the appellant's brief seeks to raise additional arguments, we conclude that they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

3