**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0274, <u>City of Berlin v. Paul Croteau, Sr. & a.</u>, the court on June 14, 2019, issued the following order:**

The defendants' motion to hear all minutes, which we construe as a request for additional transcripts, is denied.

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Paul Croteau, Sr. and Paul Croteau, Jr., appeal an order of the Superior Court (<u>Bornstein</u>, J.) granting a motion by the plaintiff, the City of Berlin (city), for relief from Croteau, Sr.'s fraudulent transfer of real property to Croteau, Jr. and to attach the properties. We construe the defendants' brief to contend that the trial court erred by: (1) conducting a hearing on the city's motion, instead of a jury trial; (2) conducting a hearing when the city had not directly answered all of their interrogatories; (3) authorizing attachments when they were not prepared to address that issue; (4) not allowing them sufficient time at the hearing to present their case; (5) not allowing their objection and argument to a portion of the city's offer of proof; and (6) not finding that the city caused Croteau, Sr. to violate a stipulation agreement between him and the city.

To preserve an argument for appellate review, we generally require issues to be raised at the earliest possible time because trial forums should have a full opportunity to come to sound conclusions and correct errors in the first instance. <u>Bedford Sch. Dist. v. State of N.H.</u>, 171 N.H. 246, 250 (2018). This is only fair to the parties, the trial forums, and the appellate court. <u>Cogswell Farm Condo. Ass'n v. Tower Group, Inc.</u>, 167 N.H. 245, 253 (2015). The appealing parties, here the defendants, have the burden to provide this court with a record sufficient to demonstrate that the issues on appeal were raised before the trial court. <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 69 (2012). Any issues that could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. <u>Super. Ct. Civ. R.</u> 12(e); <u>see</u> <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002). These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, even if we were to assume that the nature of the relief sought by the plaintiff entitled the defendants to a jury trial, the record does not reflect

that the defendants objected when the matter was scheduled for hearing before the trial court. Nor did they request a jury trial at the start of the hearing. See SNCR Corp. v. Greene, 152 N.H. 223, 224 (2005) (stating that conduct inconsistent with intent to insist upon a jury trial may constitute a waiver of jury trial).

Although the defendants complained briefly at the hearing that the city had not answered their interrogatories, when the city explained in detail its objections to those interrogatories, the defendants did not move to compel responses, see Super. Ct R. 23(k)(1), or seek sanctions, see Super. Ct. R. 21(d)(1). See Wheeler v. School Admin. Unit 21, 130 N.H. 666, 670 (1988) (affirming decision not to sanction party that did not provide complete discovery when opponent failed to seek to compel compliance). Similarly, the defendants did not object to the trial court addressing both the fraudulent transfer and the request for attachment, which were contained in the same motion, until they sought reconsideration. See In the Matter of Kelly & Fernandes-Prabhu, 170 N.H. 42, 46 (2017) (stating that issue raised for first time in motion for reconsideration, which deprived trial court of full opportunity to correct its error, is not preserved for review).

The record does not reflect that the defendants ever complained to the trial court that they were not afforded sufficient time at the hearing. In fact, the trial court asked them at the hearing whether they had anything more they wanted to add, to which they responded that they did not. Furthermore, the trial court allowed the parties time to file supplemental pleadings.

On this record, we conclude that the defendants failed to raise the first four issues summarized above at the earliest possible time. Accordingly, we conclude that these issues are not properly before us for review. See Bedford Sch. Dist., 171 N.H. at 250.

The record does not support the defendants' contention that "[t]he court would not allow [Croteau, Sr.'s] objection [or his] argument against" the city's proffer that the assistant finance director would testify that Croteau, Sr. indicated that Croteau, Jr. used Croteau, Sr.'s money to pay the taxes on the properties after he transferred them to Croteau, Jr. On the contrary, Croteau, Sr. objected to, and contradicted, the city's proffer and testified to his understanding of the event. We note that the parties had proceeded by offers of proof in a previous hearing.

The defendants argue that the city caused them to violate the stipulation agreement between Croteau, Sr. and the city, which was incorporated into a court order. However, approximately seven months prior to the hearing on the city's motion for relief from a fraudulent transfer and for an attachment, the trial court ruled that Croteau, Sr. had violated the stipulation agreement. The record

2

does not reflect that the defendants appealed this decision. Accordingly, arguments regarding the violation were not material here.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
